COPY

BILL LOCKYER
   Attorney General of the State of California
JACOB A. APPELSMITH (SBN 135850)
   Senior Assistant Attorney General
VINCENT J. SCALLY, JR. (SBN 058223)
   Supervising Deputy Attorney General
RICHARD L. MANFORD (SBN 051092)
   Deputy Attorney General
   Telephone: 916.324.5367
   Telefax:   916.324.5567 or 322.4483
   E-Mail:   dick.manford@doj.ca.gov
P. O. Box 944255
1300 I Street, Suite 125
Sacramento CA 94244 - 2550

Attorneys for Defendants STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS AND REHABILITATION, RONALD HANSEN AND DERRAL ADAMS

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA (FRESNO DIVISION)

| | |
|---|---|
| SPENCER PETERSON III,<br><br>        Plaintiff,<br><br>   vs.<br><br>STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS AND REHABILITATION, RONALD HANSEN, DERRAL ADAMS, and DOES 1 - 20,<br><br>        Defendants. | No. _____<br><br>KINGS COUNTY SUPERIOR COURT ACTION NO. 06C 0048<br><br>NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION TO UNITED STATES DISTRICT COURT. (28 U.S.C., § 1446(a), (b)); DEMAND FOR JURY TRIAL. (FRCivP, Rule 38(b); L.R. 38-201.) |

      COME NOW DEFENDANTS STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS AND REHABILITATION, RONALD HANSEN AND DERRAL ADAMS who, pursuant to the provisions of 28 United States Code, section 1446(a)(b), hereby remove to the United States District Court, for the Eastern District of California (Fresno Division), the above-captioned and numbered State of California civil action, filed in the Superior Court for the County of Kings on February 27, 2006. A true copy of each pleading previously served on defendants in the superior court action is attached hereto.

      Removal of the above-captioned superior court civil action to the United States District Court is warranted and allowable under 28 U.S.C., § 1441(b) in that the plaintiff has

sued the defendants for alleged racial discrimination in violation of Title VII of the Civil Rights Act (42 U.S.C., § 2000e); 42 U.S.C., § 1981; Article 1, § 8 of the Constitution of the State of California; and the State of California Fair Employment and Housing Act. (Govt. Code, § 12940(a).)

Said defendants hereby demand trial by jury of all issues in the within action.

DATED: March 27, 2006

BILL LOCKYER
  Attorney General of the State of California
JACOB A. APPELSMITH
  Senior Assistant Attorney General
VINCENT J. SCALLY, JR.
  Supervising Deputy Attorney General

/s/Richard L. Manford
by: _____
RICHARD L. MANFORD
Deputy Attorney General

Attorneys for Defendants STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS AND REHABILITATION, RONALD HANSEN AND DERRAL ADAMS

*Peterson v. State of California, et al.*
   **United States District Court (E.D. Cal.) Case No. _____**
   **Kings County Superior Court Case No. 06C 0048**

PROOF OF SERVICE

I am a citizen of the United States, over the age of 18 years, and am neither a party to the within action nor a real party in interest therein. I am employed in the County of Sacramento, State of California; my business address is 1300 I Street, Suite 125, Sacramento CA 95814. On this date, I served the following document(s):

NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION TO UNITED STATES DISTRICT COURT (28 U.S.C., § 1446(a), (b)); DEMAND FOR JURY TRIAL (FRCivP, Rule 38(b); L.R. 38-201.)

**XX**   By placing for collection and mailing, following ordinary business practices at my place of business, a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid, and addressed as set forth below. I am familiar with the business practices of my office for collection and processing of documents for mailing with the United States Postal Service, said practices being that, in the ordinary course of business, documents are deposited with the United States Postal Service on the same day as they are placed for collection.

| Attorney or Party | Representing |
|---|---|
| Spencer Peterson III<br>312 East Oak View Avenue<br>Visalia CA 93277 | Plaintiff In Propria Persona |

I declare under penalty of perjury that the foregoing is true and correct, and that this document was executed on this 27th day of March 2006 at Sacramento, California.

/s/Richard L. Manford

———————————————<br>RICHARD L. MANFORD

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| SPENCER PETERSON III<br>312 East Oak View Ave.<br>Visalia, CA 93277<br>TELEPHONE NO.: 559/734-4113   FAX NO.:<br>ATTORNEY FOR *(Name)*: IN PROPRIA PERSONA | **ORIGINAL FILED**<br><br>FEB 2 7 2006<br><br>TODD H. BARTON<br>KINGS COUNTY COURT EXECUTIVE OFFICER<br>AND CLERK OF COURTS |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS
STREET ADDRESS: 1426 South Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Hanford, CA 93230
BRANCH NAME:

CASE NAME:
Spencer Peterson III vs. State of California, Department of Corrections and Rehabilitation, et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CASE NUMBER:<br>06C 0048<br>JUDGE:<br>DEPT.: |
|---|---|---|

*All five (5) items below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [X] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. [ ] Substantial post-judgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action *(specify)*: three

5. This case [ ] is  [X] is not  a class action suit.

Date: 02-24-06

SPENCER PETERSON III
(TYPE OR PRINT NAME)                           ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

**CIVIL CASE COVER SHEET**

*LexisNexis® Automated California Judicial Council Forms*

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must check **all five** items on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)*(08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial *(31)*
  Residential *(32)*
  Drugs *(38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential.)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rule 1800-1812)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Toxic Tort/Environmental (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Tax
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

| CM-010 [Rev. July 1, 2003] | **CIVIL CASE COVER SHEET** | Page 2 of 2 |

*LexisNexis® Automated California Judicial Council Forms*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
State of California, Department of Corrections and Rehabilitation;
Ronald Hansen; Derral Adams; DOES 1-20;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Spencer Peterson III

ORIGINAL FILED
FEB 27 2006
TODD H. BARTON
KINGS COUNTY COURT EXECUTIVE OFFICER
AND CLERK OF COURTS

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
KINGS COUNTY SUPERIOR COURT,
1426 South Drive, Hanford, CA 93230

CASE NUMBER: *(Número del Caso):* **06C 0048**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
SPENCER PETERSON III, (559) 734-4113
312 East Oak View Ave., Visalia, CA 93277

DATE: **FEB 27 2006** TODD H. BARTON Clerk, by CYNTHIA DIAS , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] COURT SEAL

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*LexisNexis® Automated California Judicial Council Forms*

1  SPENCER PETERSON III
   312 East Oak View Ave.
2  Visalia, CA 93277
   (559) 734-4113
3
   IN PROPRIA PERSONA
4

**ORIGINAL FILED**

FEB 2 7 2006

TODD H. BARTON
KINGS COUNTY COURT EXECUTIVE OFFICER
AND CLERK OF COURTS

SUPERIOR COURT OF CALIFORNIA

COUNTY OF KINGS

| | |
|---|---|
| SPENCER PETERSON III, | Case No: **06C 0048** |
| Plaintiff, | COMPLAINT FOR VIOLATION OF CIVIL RIGHTS: DISCRIMINATION IN VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT; 42 USC § 1981; DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (FEHA) |
| vs. | |
| STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS AND REHABILITATION; RONALD HANSEN; DERRAL ADAMS; DOES 1-20; | |
| Defendants. | |

Plaintiff SPENCER PETERSON III complains of the defendants, alleging as follows:

**JURISDICTION AND VENUE**

1. This Court has concurrent jurisdiction over this action, as the action is one for damages and for equitable injunctive relief, arising under the United States Constitution and amendments thereto and other federal laws including 42 U.S.C. §§ 1981 and Title VII of the Civil Rights Act of 1964 (2000(d)) providing remedies for racial discrimination, and arising under the California Fair Employment and Housing Act, Government Code § 12900 et seq. (FEHA) and other state laws prohibiting racial discrimination.

2. This Court has venue as the events giving rise to this action are believed to have all, or predominantly, occurred within this judicial district, and all or most of the defendants are believed to reside or be domiciled in this judicial district.

COMPLAINT, VIOLATION OF CIVIL RIGHTS            1

## PARTIES

3. Plaintiff Spencer Peterson III is a citizen of the United States and has at all times relevant hereto resided in the State of California, and for the past 5 years has resided in the County of Tulare. In as much as plaintiff is African-American, he is a member of a discrete and insular, and protected, minority group.

4. The individually named defendants Derral Adams, Ronald Hansen and DOES 1-20, are managerial-level employees employed by defendant State of California Department of Corrections and Rehabilitation, and at all times herein defendants Hansen and DOES 1-20 were acting in their capacities as sworn peace officers under color of state law and coercive authority. Each of these foregoing defendants are named in their personal capacities, and, plaintiff is informed and believes reasonable opportunity for discovery will uncover evidence proving, acting pursuant to formal policies or standard operating procedures of, State of California Department of Corrections and Rehabilitation. Each of these defendants personally participated in committing, or aided and abetted, or planned and agreed and/or pressured or otherwise encouraged or caused, acts constituting the violations complained of herein be committed by their co-defendants.

5. Each of these foregoing individually-named and DOE defendants (paragraph 4) was directly involved in the incidents alleged herein, insofar as they either personally committed the acts constituting the violations alleged herein, or aided and abetted, or planned and agreed and/or pressured or otherwise encouraged or caused, acts constituting the violations complained of herein be committed by their co-defendants, and/or knew that such acts were to be committed by their co-defendants and took no action to intervene to stop the violative acts from being committed despite having the ability to do so and/or have knowingly ratified and approved said acts, thereafter.

6. Defendant State of California Department of Corrections and Rehabilitation ("CDCR") is a public entity existing as an executive department of the State of California, and employed the individually-named peace officer(s) and civilian employees and DOES 1-20. Plaintiff is informed and believes and thereon and on the basis of facts he believes will be uncovered through discovery, that defendant CDCR, maintained policies and longstanding operating practices constituting standard operating procedures that were the moving force causing some of the violations of

COMPLAINT, VIOLATION OF CIVIL RIGHTS    2

plaintiff's constitutional, federal, and state law rights as alleged herein. Further, that these policies and practices included condoning and encouraging, and/or through later ratification defendant CDCR approved of, the actions of the CDCR-employed defendants as alleged in more detail below, and/or of failing to educate, train, and/or adequately supervise individual police and executive officers in the proper methods, procedures, and practices to be used in situations known to frequently recur, like those set forth in more detail below, which methods and procedures were necessary to comply with California and United States' constitutional standards that were clearly established at the time of the events described herein below. The foregoing encouragement, policies, practices and/or customs made the below-described violations of plaintiff's constitutional rights so predictably and substantially certain to occur, that they were the moving forces causing said violations. Defendant CDCR is also an employer subject to both Title VII (42 U.S.C. § 2000(d)), and the California *Fair Employment and Housing Act Government Code* § 12900 et seq..

    7. Plaintiff believes that reasonable opportunity for discovery will uncover evidence proving that at all times herein mentioned, many or all of the defendants was the agent, servant, employee, joint venturer of, and/or co-conspirator with many or all of the remaining defendants, and was at all times acting within the purpose and scope of said agency, employment, joint venture, and/or conspiracy, and that each defendant knew in advance of the planned acts of each of the remaining defendants and condoned and encouraged those acts and participated in planning them and committed acts in furtherance thereof, or has ratified and approved the acts of the remaining defendants, afterward.

    8. Plaintiff has properly exhausted his administrative remedies and met pertinent pre-conditions to filing suit under the FEHA, by filing a complaint with, and receiving a "Right to Sue" letter from, the California Department of Fair Employment and Housing pursuant to *Government Code* § 12965, within the statutory time period prior to the filing of this complaint. Plaintiff has further properly exhausted his administrative remedies and met pertinent pre-filing conditions under Title VII, in that he has filed a complaint with, and received a "Right to Sue" letter from the U.S. Equal Employment Opportunity Commission, within the statutory time period prior to the filing of this complaint. Thus, plaintiff has complied with all procedural requisites for pursuing

this action under both Title VII and the California FEHA.

## COMMON FACTUAL ALLEGATIONS

9. On or about February 9, 1986, plaintiff Spencer Peterson III was hired by defendant CDCR as an employee, and he was assigned to CDCR's California Medical Facility ("CMF") at Vacaville. Plaintiff earned an exemplary and spotless employment record while at CMF Vacaville from 2/09/1986 through 6/30/1997, earning outstanding and above standards ratings.

10. On 7/01/1997, plaintiff transferred his employment laterally to CDCR's California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.

11. On 10/25/1999, plaintiff was promoted to Correctional Sergeant.

12. Beginning in March 2004, and continuing thereafter, plaintiff began to suffer racially discriminatory employment practices. The discriminatory employment practices plaintiff has suffered and continues to suffer, include:

a) in November 2003, plaintiff's supervisor conducted plaintiff's regular performance evaluation, submitting plaintiff's evaluation up the chain of command to Custody Captain, defendant Ron Hansen, for his approval pursuant to established CDCR practice/procedure. Without justification or explanation, defendant Hansen refused to approve or to sign plaintiff's evaluation. Plaintiff is informed and believes that the evaluation remains unsigned and unapproved by defendant Hansen, as of the date of filing of this complaint.

b) on February 4, 2004, without justification or explanation, defendant Warden Derral Adams refused to sign an Endorsement form required in order for plaintiff to be admitted to a Doctoral educational program through the University of LaVerne, for which plaintiff was otherwise qualified and admitted. Plaintiff submitted this Endorsement form to defendant Warden Adams on three separate occasions; nevertheless, defendant Warden Adams remained steadfast in his refusal to sign the form. Defendant Warden Adams' refusal to sign plaintiff's Endorsement form caused a delay in plaintiff's entry into the Doctoral program of approximately a year, in turn resulting in monetary damages, and other damages including lost opportunity costs, to plaintiff.

c) On March 16, 2004, plaintiff interviewed for promotion to Correctional Lieutenant. Although plaintiff was rated as competitive, he was denied the promotion.

COMPLAINT, VIOLATION OF CIVIL RIGHTS      4

d) on June 17, 2004, plaintiff again interviewed for promotion to Correctional Lieutenant. Again plaintiff rated well; again he was denied the promotion.

e) on December 6, 2004, plaintiff again interviewed for promotion to Correctional Lieutenant. Defendant Hansen sat as head of the promotions panel for this promotional opportunity. Although all interviews are canned and scripted, in that they involve the same questions asked in the same order as all other interviews, including those earlier interview(s) in which plaintiff had rated competitive, and although plaintiff performed better than he had in the prior, March 16, 2004 interviews, Defendant Hansen's panel inaccurately rated plaintiff non-competitive; thereafter and thereupon, candidates other than plaintiff, who were not African-American, and who were in truth less qualified for the position than was plaintiff, were promoted instead of plaintiff.

f) On April 14, 2005, CSATF conducted interviews for Correctional Lieutenant. Defendants CDCR, and plaintiff believes, defendants Adams and/or Hansen participated in causing plaintiff to not be notified that these Lieutenant's position interviews were occurring, and thereby caused plaintiff to be improperly excluded from, participating in these interviews, although plaintiff had properly applied for the position and had properly requested as part of that application process, to be included among the interviews.

13. From and after January 2004, plaintiff has possessed the requisite education, training and good standing, has met all prerequisites, and has been well-qualified, for the Lieutenant's position he has properly sought since February 2004.

14. Despite possessing such education, training, standing, and despite having met all prerequisites, and despite being well-qualified for the Lieutenant's position, defendants have wrongly denied plaintiff the promotion, passing plaintiff over for, and instead promoting, other less-qualified persons who were not African-American.

15. Plaintiff believes and alleges that whatever post-hoc justifications defendant CDCR may come to offer during the course of the instant suit, will be pretextual, and that the true and ultimate reason he was denied the promotion, was because of his race, viz., defendant's refusal to promote plaintiff was racially discriminatory.

///

COMPLAINT, VIOLATION OF CIVIL RIGHTS       5

## FIRST COUNT

### VIOLATION OF CIVIL RIGHTS (TITLE VII)

### SPENCER PETERSON III v. STATE OF CALIFORNIA,

### DEPARTMENT OF CORRECTIONS AND REHABILITATION,

16. Plaintiff hereby incorporates paragraphs 1-15, inclusive, as though set forth verbatim, herein.

17. Defendant CDCR violated plaintiff's rights under Title VII by intentionally discriminating against him on the basis of his race (black), in the terms and conditions of his employment, including by refusing to promote plaintiff such that the terms and conditions under which plaintiff was employed were significantly and adversely affected. Thus as a direct result of defendants' aforesaid actions, plaintiff suffered an adverse employment action, viz., loss of a deserved promotion that, but for defendant's discriminatory action(s), plaintiff would have received.

18. Defendant CDCR took adverse job action against plaintiff on the basis of plaintiff's race, in violation of 42 U.S.C. § 1981.

19. As a direct and legal result of defendant's unlawful actions as herein alleged, plaintiff has suffered general damages in an amount according to proof at time of trial.

20. As a further direct and legal result of defendant's unlawful actions as herein alleged, plaintiff has suffered a loss of earnings and other special, consequential damages in an amount that will be proved at trial.

WHEREFORE, plaintiff prays damages and other relief as set forth below.

## SECOND COUNT

### VIOLATION OF CIVIL RIGHTS (42 USC § 1981)

### SPENCER PETERSON III v. STATE OF CALIFORNIA,

### DEPARTMENT OF CORRECTIONS AND REHABILITATION,

### DERRAL ADAMS; RONALD HANSEN, DOES 1-20

21. Plaintiff hereby incorporates paragraphs 1-15, 17-20 inclusive, as though set forth verbatim, herein.

22. Defendants CDCR, Adams and Hansen violated plaintiff's rights under

COMPLAINT, VIOLATION OF CIVIL RIGHTS    6

42 U.S.C. § 1981 by intentionally discriminating against him on the basis of his race (black), in the terms and conditions of his employment, including by interfering with his educational opportunities, and by refusing to promote plaintiff and by creating such a pervasively hostile work environment that the terms and conditions under which plaintiff was employed were significantly and adversely affected. Thus as a direct result of defendants' aforesaid actions, plaintiff suffered an adverse employment action, viz., a refusal to promote.

23. As a direct and legal result of defendant's unlawful actions as herein alleged, plaintiff has suffered general damages in an amount according to proof at time of trial.

24. As a further direct and legal result of defendant's unlawful actions as herein alleged, plaintiff has suffered a loss of earnings and other consequential special damages in an amount that will be proved at trial.

25. Plaintiff further seeks an award of exemplary damages as against individually named defendants (Adams and Hansen) to punish defendants for their intentional and unlawful actions.

WHEREFORE, plaintiff prays damages and other relief as set forth below.

### THIRD COUNT

### VIOLATION OF CALIFORNIA FEHA,

### SPENCER PETERSON III v. STATE OF CALIFORNIA,

### DEPARTMENT OF CORRECTIONS AND REHABILITATION,

### DERRAL ADAMS, RONALD HANSEN, DOES 1-20

26. Plaintiff hereby incorporates paragraphs 1-15, 17-20, and 22-25 inclusive, as though set forth verbatim, herein.

27. Defendant CDCR violated plaintiff's rights under Article 1 § 8 of the California Constitution, and the California FEHA, on the basis of plaintiff's race, by interfering with educational opportunities, and by denying him promotion, resulting in an adverse job action against him.

28. As a direct and legal result of defendants' unlawful actions as herein alleged, plaintiff has suffered general damages, in an amount subject to proof at time of trial.

29. As a further direct and legal result of defendants' unlawful actions as herein alleged,

1 | plaintiff has suffered a loss of earnings and other special consequential damages, in an amount to be
2 | proven at time of trial.
3 |   30. Plaintiff further seeks an award of exemplary damages as against individually-named
4 | defendants (Adams and Hansen) to punish defendants for their intentional, unlawful actions.
5 |   WHEREFORE, plaintiff prays damages and other relief as set forth below.

**PRAYER**

WHEREFORE, plaintiff prays damages and other relief, as follows:

1. For general damages, according to proof at trial;

2. For special damages including front pay and other loss of earnings and such other consequential damages as may be proved at time of trial.

3. For exemplary damages as against each individually named defendants (Adams and Hansen but not as against CDCR), in an amount sufficient to punish them for their intentional, despicable, illegal conduct;

4. For such injunctive relief, including, backpay and benefits retroactive to the date plaintiff should have received a promotion to Lieutenant, but for defendant's illegal and discriminatory misconduct;

5. Attorneys fees and costs of suit herein; and

6. For such other and further relief as to this Court may appear just.

Dated: 02-24-06

SPENCER PETERSON III,
In Propria Persona

///
///
///
///

COMPLAINT, VIOLATION OF CIVIL RIGHTS  8