IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER PETERSON III,<br><br>        Plaintiff,<br><br>   vs.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al,<br><br>        Defendants.<br>_____/ | CASE NO. CV F 06-0349 OWW LJO<br><br>**ORDER ON DEFENDANTS' MOTION TO COMPEL DOCUMENT PRODUCTION**<br>(Doc. 15.) |

**INTRODUCTION**

In this employment discrimination action, defendants State of California Department of Corrections and Rehabilitation, Ronald Hansen and Derral Adams (collectively "defendants") seek to compel plaintiff Spencer Peterson III's ("Mr. Peterson's") production of documents to support his claim that he exhausted state and/or federal administrative remedies. In the absence of Mr. Peterson's timely opposition papers, this Court considered defendants' motion to compel on the record and without oral argument or the September 1, 2006 hearing, which this Court VACATES. *See* Local Rule 78-230(c)[1] and (h). This Court GRANTS defendants' motion to compel and ORDERS Mr. Peterson, no later than September 8, 2006, to serve a complete, straightforward written response to category 1 of defendants'

---

[1] This Court's Local Rule 78-230(c) precludes oral argument by an opposing party who fails to file timely opposition papers.

1

first set of document requests and to serve all documents responsive to category 1 of defendants' first set of document requests.

## BACKGROUND

On April 21, 2006, defendants served by mail their category 1 document request to seek all documents to support Mr. Peterson's allegation that he exhausted state and/or federal administrative remedies for his employment discrimination claims. According to defense counsel, Mr. Peterson has failed to: (1) serve a written response to and to produce documents responsive to category 1 of defendants' document requests; (2) seek an extension to respond to the document request; (3) respond to defense counsel's May 25, 2006 letter to address the absence of Mr. Peterson's response to the document request; and (4) communicate with defense counsel "concerning the subject matter in any fashion." On August 10, 2006, defendants filed their motion to compel Mr. Peterson's written response to the document request and production of responsive documents. Mr. Peterson has failed to timely oppose defendants' motion to compel.

## DISCUSSION

F.R.Civ.P. 37(a)(2)(B) empowers a propounding party to bring a motion to compel discovery responses:

> . . . if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for . . . an order compelling inspection in accordance with the request.

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)). The failure to respond to document requests "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for protective order." F.R.Civ.P. 37(d). An "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." F.R.Civ.P. 37(a)(3).

Mr. Peterson has inexcusably failed to address defendants' simple, limited document request. There is no evidence that Mr. Peterson sought an extension to address defendants' document request,

and Mr. Peterson's deadline to respond has long passed.  Mr. Peterson's counsel appears to ignore defense counsel's communications to address the long outstanding response to defendants' document request.  Defendants are entitled to Mr. Peterson's complete, straightforward response, without objections, and production of all documents responsive to defendants' category 1 document request seeking all documents to support Mr. Peterson's claim that he exhausted state and/or federal administrative remedies.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court ORDERS Mr. Peterson, no later than September 8, 2006, to:

1. SERVE a complete, straightforward response, without objections, to defendants' category 1 document request seeking all documents to support Mr. Peterson's claim that he exhausted state and/or federal administrative remedies; and

2. PRODUCE all documents and other things responsive and subject to defendants' category 1 document request seeking all documents to support Mr. Peterson's claim that he exhausted state and/or federal administrative remedies.

IT IS SO ORDERED.

**Dated:   August 30, 2006**              /s/ Lawrence J. O'Neill
66h44d                                    UNITED STATES MAGISTRATE JUDGE