**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 19 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SPENCER PETERSON, III, | No. 07-16424 |
| Plaintiff - Appellant, | D.C. No. CV-06-00349-LJO |
| v. | |
| STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Magistrate Judge, Presiding

Argued and Submitted February 13, 2009
San Francisco, California

Before: NOONAN, BERZON and N.R. SMITH, Circuit Judges.

Spencer Peterson III appeals the district court's grant of summary judgment

in favor of his employer, the California Department of Corrections and

Rehabilitation (the "CDCR").  The district court held that claims one through five

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

of Peterson's six claims of racial discrimination (based on Title VII of the Civil

Rights Act of 1964) are time-barred under 42 U.S.C. § 2000e-5, and that Peterson

did not produce any evidence to support claim six.  Peterson appealed the district

court's decision as to claims five and six.  We reverse the district court with respect

to claim five, regarding the CDCR's Failure to promote Peterson to Correctional

Lieutenant on December 6, 2004, and affirm the district court with respect to claim

six.

(1)

Peterson filed a formal complaint with the EEOC on June 28, 2005, 204

days after the date of the alleged discriminatory act of December 6, 2004.  He did

not file a separate complaint with the California Department of Fair Employment

and Housing ("DFEH"), the California agency responsible for enforcing state and

federal employment discrimination laws.  As a result, Peterson would appear at

first blush to have run afoul of the requirement that he first file his complaint with

a state agency in order to qualify for the 300-day, rather than the 180-day,

limitations period.  *See* 42 U.S.C § 2000e-5(e) ("A charge under this section shall

be filed [with the EEOC] within one hundred and eighty days after the alleged

unlawful employment practice occurred . . . except that in a case . . . [in] which the

person aggrieved has initially instituted proceedings with a State or local agency

2

with authority to grant or seek relief from such practice . . . such charge shall be filed [with the EEOC] . . . within three hundred days.").

However, when the relevant state agency has entered into a work sharing agreement with the EEOC and that agreement states that each agency will serve as the agent of the other for the purpose of receiving charges, it is well-settled law that a charge filed with the EEOC is "constructively filed" with the state agency either on the same day that the charge was filed with the EEOC or on the day that the EEOC refers the complaint to the state agency. *See EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 112-113, 125 (1988) (holding that the 300-day federal limitations period applied to a claim that the plaintiff filed only with the EEOC 290 days after the discriminatory act, and stating that "[t]he EEOC's referral of a charge initially filed with the EEOC to the appropriate state or local agency properly institutes the agency's proceedings within the meaning of the Act"); *Griffin v. City of Dallas*, 26 F.3d 610, 611-13 (5th Cir. 1994); *Puryear v. County of Roanoke*, 214 F.3d 514, 519 (4th Cir. 2000); *Hong v. Children's Memorial Hosp.*, 936 F.2d 967, 970-71 (7th Cir. 1991); Cal. Practice Guide, Federal Employment Litigation (The Rutter Group), 10:7-9 (2009) ("As a result of such work sharing agreements, each agency designates the other as its agent for the purpose of receiving charges on discrimination claims that overlap under federal

3

and state law.  Thus, charges filed with either the EEOC or the state agency are deemed 'constructively filed' with the other."); *see also Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472, 1474 (9th Cir. 1989) (noting that, under the DFEH/EEOC work sharing agreement, "each agency [is] the agent of the other for the purpose of receiving charges").

The parties have agreed that the DFEH and the EEOC had a workshare agreement in place at the time of Peterson's filing.  The district court did not, however, consider the effect of that agreement on this filing.  We therefore reverse the district court with respect to the timeliness issue and remand in order to give the district court the opportunity to consider whether the work sharing agreement makes Peterson's filing effective as to the December 6, 2004 alleged actions.

(2)

We affirm the district court with respect to claim six, regarding the CDCR's alleged failure to notify Peterson of an upcoming interview.   Even assuming Peterson did not receive written notice of the interview, he failed to present evidence sufficient to support a finding that such non-receipt was the result of discriminatory animus.  *See Cordova v. State Farm Ins. Co.*, 124 F.3d 1145, 1148 (9th Cir. 1997).  Peterson did not, for example,  introduce evidence of the race of those individuals who did receive notice of the April interviews.  As a result, there

4

was no evidence from which a jury might infer discrimination. *See id.* Nor did Peterson supply direct evidence of discriminatory intent, such as derogatory comments made by the relevant individual. *See id.* In fact, Peterson concedes that Lisa Webb, the individual responsible for mailing the notices, had called him in December to inform him of a previously scheduled interview, indicating that she was not intent on preventing him from interviewing. For these reasons, the district court properly granted the CDCR summary judgment on claim six. Each party shall bear its own costs on appeal.

**REVERSED IN PART; AFFIRMED IN PART; and REMANDED.**