# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER PETERSON III, | CASE NO. CV F 06-0349 LJO SMS |
| Plaintiff, | **POST-REMAND SCHEDULING ORDER** |
| vs. | |
| STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant. | |
| / | Settlement Conf.: Date: May 12, 2009 Time: 10 a.m. Dept.: 7 (SMS) |
| | Pretrial Conf.: Date: August 4, 2009 Time: 8:15 a.m. Dept.: 4 (LJO) |
| | Jury Trial: Date: September 7, 2009 Time: 8:30 a.m. Dept.: 4 (LJO) |

The Ninth Circuit Court of Appeals issued its March 19, 2009 memorandum to reverse in part and affirm in part this Court's summary adjudication decisions. The Ninth Circuit remanded the case for this Court's consideration whether plaintiff's claim arising from a December 6, 2004 job interview and denial ("December 6, 2004 claim") was timely exhausted. The parties filed status reports to respond to this Court's March 20, 2009 order. This Court SETS the following post-remand schedule for this action.

**1. Consent To Magistrate Judge**

Due to the heavy caseloads of this Court's district judges and inability to hold to scheduled dates, the parties are encouraged to consider consent to the conduct of further proceedings by a United States

1

Magistrate Judge. Typically, this Court's magistrate judges have better ability to hold to scheduled dates.

**2.     Further Briefing**

Defendant requests to file a further summary judgment motion as to the timeliness of plaintiff's exhaustion of the December 6, 2004 claim and its merits. This Court agrees with plaintiff that defendant has had sufficient opportunity to seek summary judgment on the December 6, 2004 claim. A further summary judgment motion would render meaningless this Court's prior scheduling order. As such, this Court DENIES defendant's request for a further summary judgment motion and sets no further pretrial motion filing or hearing deadlines.

**3.     Mandatory Settlement Conference**

This Court sets a settlement conference for **May 12, 2009 at 10 a.m.** in Department 7 (SMS) before United States Magistrate Judge Sandra Snyder. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference with the parties and the person or persons having full authority to negotiate and settle the case, on any terms, at the conference.

**No later than May 5, 2009**, each party shall submit directly to the settlement conference judge's chambers a confidential settlement conference statement. This statement should neither be filed with the clerk of the Court nor served on any other party. Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory settlement conference indicated prominently. Counsel are urged to request the return of their statements. If such request is not made, the Court will dispose of the statement.

The confidential settlement conference statement shall include the following:

A.     A brief statement of the facts of the case;

B.     A brief statement of the claims and defenses (i.e., statutory or other grounds upon which the claims or defenses are based), a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute;

C.     A summary of the proceedings to date;

D.     An estimate of the cost and time to be expended for further pretrial and trial matters,

including discovery;

    E.       The relief sought; and

    F.       The party's position on settlement, **including the amount which or otherwise what the party will accept to settle, realistic settlement expectations**, present demands and offers, and a history of past settlement discussions, offers, and demands.

This Court will vacate the settlement conference if the Court finds the settlement conference will be neither productive nor meaningful to attempt to resolve all or part of this case. As far in advance of the settlement conference as possible, a party shall inform the Court and other parties that it believes the case is not in a settlement posture so that the Court may vacate or reset the settlement conference. Otherwise the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of the case.

**4.    Pretrial Conference**

This Court sets a pretrial conference for **August 4, 2009 at 8:15 a.m.** in Department 4 (LJO) of this Court. The parties are directed to file a joint pretrial statement which complies with the requirements of this Court's Local Rule 16-281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in WordPerfect format to ljoorders@caed.uscourts.gov.

The parties' attention is directed to this Court's Local Rules 16-281 and 16-282. This Court will insist upon strict compliance with those rules.

At the pretrial conference, the Court will set deadlines, among others, to file motions in limine, final witness lists, exhibits, jury instructions, objections, and other trial documents. If a party requests bifurcation of issues at trial, the parties must address the matter in the joint pretrial statement.

**5.    Trial Date**

A jury trial is set for **September 7, 2009 at 8:30 a.m.** in Department 4 (LJO) of this Court.

**6.    Effect Of This Order**

This order represents the best estimate of the Court and parties as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot

be met, the parties are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, which establish good cause for granting the relief requested.

Failure to comply with this order shall result in the imposition of sanctions.

**IT IS SO ORDERED.**

**Dated:** **April 21, 2009**     /s/ Lawrence J. O'Neill
**UNITED STATES DISTRICT JUDGE**